**NORTON ROSE FULBRIGHT US LLP**
Katherine G. Connolly (SBN 313640)
katie.connolly@nortonrosefulbright.com
555 California Street, Suite 3300
San Francisco, CA 94104
Telephone: (628) 231-6800
Facsimile: (628) 231-6799

**NORTON ROSE FULBRIGHT US LLP**
Richard S. Zembek (*Pro Hac Vice* Forthcoming)
richard.zembek@nortonrosefulbright.com
1301 McKinney Street, Suite 5100
Houston, TX 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

**NORTON ROSE FULBRIGHT US LLP**
Felice Galant (*Pro Hac Vice* Forthcoming)
felice.galant@nortonrosefulbright.com
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
Facsimile: (212) 318-3400

Attorneys for *Applicant* QUALCOMM INCORPORATED

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re *Ex Parte* Application of:<br><br>QUALCOMM INCORPORATED,<br><br>Applicant.<br><br>Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Conduct Discovery for Use in a Foreign Proceeding | Case No. 24-mc-80019<br><br>***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING** |

DOCUMENT PREPARED ON RECYCLED PAPER

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING
UK-#755126337v2

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. RELEVANT BACKGROUND ............................................................................................. 2

III. INFORMATION REQUESTED FROM RESPONDENTS ................................................... 3

IV. ARGUMENT ......................................................................................................................... 4

    A. Legal Standard ................................................................................................................ 4

    B. The Requirements of § 1782 Are Satisfied ..................................................................... 5

    C. The *Intel* Factors Weigh In Favor Of Granting The Application ..................................... 6

V. CONCLUSION ...................................................................................................................... 8

- i -

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

UK-#755126337v2

DOCUMENT PREPARED ON RECYCLED PAPER

# TABLE OF AUTHORITIES

**CASES**

*In re Ex Parte Application of Varian Med. Sys. Int'l AG, Applicant,* No. 16-mc-80048-MEF, 2016 WL 1161568 (N.D. Cal. Mar. 24, 2016) ............................................................................... 5, 6, 7

*Consumers' Association v. Qualcomm Incorporated*, Case No. 1382/7/7/21 ................................ 1

*In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029 (N.D. Cal. 2016) ..... 5, 6, 7, 8

*In re Judicial Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd. (Macquarie Bank II)*, No. 2:14-cv-00797-GMN-NJK, 2015 WL 3439103 (D. Nev. May 28, 2015) ...................... 7

*In re Qualcomm Litigation*, No. 17-cv-108 (S.D. Cal.) ................................................................... 3

*In re Republic of Ecuador,* No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427 (N.D. Cal. Sept. 15, 2010)) ........................................................................................................................... 4

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) ............................................ 5, 6

*IPCom GmbH & Co. KG v. Apple Inc.,* 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) ........................ 4

Order, *In re Ex Parte Application of the Consumers' Assocation,* 5:23-mc-80322-EJD (Jan. 23, 2024) ..................................................................................................................................... 1, 6, 7

*Schmitz v. Bernstein Liebhard & Lifshitz LLP,* 376 F.3d 79 (2d Cir. 2004) .................................... 7

**STATUTES**

28 U.S.C. § 1782 .............................................................................................................................. 1

- ii -

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

DOCUMENT PREPARED ON RECYCLED PAPER

Pursuant to 28 U.S.C. § 1782, Qualcomm Incorporated ("Applicant" or "Qualcomm") respectfully submits this Application to obtain an order permitting it to issue subpoenas to Samsung Semiconductor, Inc. and/or Samsung Electronics America, Inc. ("Samsung") and Apple Inc. ("Apple") (collectively, "Respondents") for use in ongoing foreign legal proceedings pending in the United Kingdom, styled *Consumers' Association v. Qualcomm Incorporated*, Case No. 1382/7/7/21 ("U.K. Class Action"). Attached hereto are a proposed Order and proposed forms of subpoenas *duces tecum* (Exhibits A and B, for Apple and Samsung respectively). Filed herewith is the supporting Declaration of Helen Fairhead ("Fairhead Decl.").[1]

## I. INTRODUCTION

The Consumers' Association (who represent the class in the U.K. Class Action) has filed a related § 1782 application in this Court in Case No. 23-mc-80322 to obtain discovery from Respondents for use in the U.K. Class Action. Judge Davila granted that application on January 23, 2024. Order, Dkt. No. 21, 5:23-mc-80322-EJD (N.D. Cal. Jan. 23, 2024).

On February 18, 2021, the Consumers' Association filed a collective proceedings claim form before the Competition Appeal Tribunal ("CAT")[2] in the United Kingdom. Fairhead Decl. ¶ 4. The U.K. Class Action involves the Consumers' Association's claims that Qualcomm's chipset supply and licensing practices allowed it to obtain "supra-competitive" royalty payments from Apple and Samsung for its LTE standard essential patents ("SEPs"), and that these "supra-competitive" royalty payments were then passed on to consumers. Fairhead Decl. ¶ 5.

In its § 1782 application, the Consumers' Association seeks certain documents from Respondents that it believes to be favorable to its own claims in the U.K. Class Action to the exclusion of documents that would be unfavorable to its case. As further described below, these include documents that refute the Consumers' Association's arguments and confirm that Qualcomm did not force Apple or Samsung to pay "supra-competitive" royalties for its patents,

---

[1] Upon service of the proposed subpoenas, Respondents will be able to assert any objections that may be available to them under Federal Rule of Civil Procedure 45, and thus their rights will be fully protected.
[2] The CAT is a judicial body of the United Kingdom that was created to adjudicate cases involving competition or economic regulatory issues. Fairhead Decl. ¶ 4. A claim for collective proceedings is similar to a class action in the United States.

DOCUMENT PREPARED ON RECYCLED PAPER

1  and its licenses with Apple and Samsung were freely negotiated. Qualcomm submits this § 1782
2  Application seeking its own discovery from Apple and Samsung in response to the Consumers'
3  Association subpoenas to ensure a level playing field in the U.K. proceedings.

4    As set forth below, Qualcomm's present Application meets the statutory requirements of
5  Section 1782, and the *Intel* factors weigh in favor of granting the Application. Qualcomm also
6  intends to file, either concurrently herewith or shortly thereafter, an Administrative Motion to
7  consider whether the two cases should be related under Civil Local Rules 3-12 and 7-11.

8  **II.   RELEVANT BACKGROUND**

9    On December 7, 2023, the Consumers' Association filed an application to obtain discovery
10 from Apple and Samsung pursuant to 28 U.S.C. § 1782 for use in the U.K. Class Action, which
11 was granted by Judge Davila on January 23, 2024. Order, Dkt. No. 21, 5:23-mc-80322-EJD (N.D.
12 Cal. Jan. 23, 2024). The Consumers' Association first acknowledged to Qualcomm and to the CAT
13 in June 2023 that it may need to file such § 1782 applications in the United States, but it waited
14 until December 7, 2023 to do so. Fairhead Decl. ¶ 5. Indeed, since January 2023, Qualcomm has
15 been repeatedly requesting that the Consumers' Association provide details of the third-party
16 discovery it intended to seek, but the Consumers' Association waited until just before filing its §
17 1782 application in this Court before finally providing Qualcomm with an indication of the nature
18 of the discovery it intended to seek from Apple and Samsung. *Id.*

19   The CAT held a fourth Case Management Conference ("CMC") in the U.K. Class Action
20 on January 9 and 10, 2024. Commenting on the U.S. discovery issue, the CAT noted that the
21 material requested by the Consumers' Association "may not be of central relevance" but went on
22 to explain that "there is no suggestion that we go into the trial at this point deliberately on a date
23 which is before you expect to get the US material."[3] Fairhead Decl. ¶ 6.

24   In light of Consumers' Association's application being granted and the fact that the
25 discovery it seeks is only favorable to its own claims as set forth above, it is Qualcomm's position
26 that Qualcomm will be unfairly prejudiced unless it is able to obtain discovery that presents a fuller

---

[3] The transcript of the fourth CMC will be made available in due course on the case page of the CAT's website. Fairhead Decl. ¶ 6 n. 2.

- 2 -

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

DOCUMENT PREPARED
ON RECYCLED PAPER

and complete evidentiary picture.

## III. INFORMATION REQUESTED FROM RESPONDENTS

The subpoenas that the Consumers' Association will issue on Apple and Samsung are, on their face, deliberately drafted to exclude any material that may be unhelpful to its position in the U.K. Class Action. For example, in respect of both Apple and Samsung, the Consumers' Association seeks documents that "address or evidence the extent to which [they] were or considered [themselves] to be reliant on Qualcomm for the supply of Chipsets at that time." *See* Apple and Samsung Subpoenas, Dkt. Nos. 1-1 and 1-2, 5:23-mc-80322-EJD (N.D. Cal. Dec. 7, 2023). However, there is no reciprocal request for either Apple or Samsung to disclose any documents that show (a) the extent to which Respondents were *not* reliant on Qualcomm; and (b) the extent to which Respondents actually relied on alternative sources during the relevant period, including both self-supply and MediaTek in the case of Samsung, and Intel in the case of Apple.

Qualcomm files this Application to remedy the inequity that would be caused by disclosure of only a subset of one-sided documents and to obtain documents in support of its own defenses in the U.K. Class Action. By reference to the above example, the present Application seeks documents that "address or evidence whether, and the extent to which, *non-Qualcomm* Chipsets" were available to and/or used by Apple and Samsung. *See* Exhibit A, Request 4(c); Exhibit B, Request 3(c).

For another example, Qualcomm's proposed subpoena to Apple includes a request for documents produced by Apple which were cited in Qualcomm's opening presentation at the April 2019 trial in *In re Qualcomm Litigation*, No. 17-cv-108 (S.D. Cal.) ("Apple Action"), an action commenced by Apple against Qualcomm related to Qualcomm's licensing practices. *See* Exhibit A, Request 3. While Apple moved to claw back some of these documents, their motions were ultimately unsuccessful. *See In re Qualcomm Litig.*, No. 17-cv-108 (S.D. Cal.), Orders of Magistrate Judge Dembin and District Judge Curiel, Dkt. Nos. 641 (Oct. 2, 2018) & 746 (Dec. 18, 2018), ordering production of 40 documents. Based on the Apple documents quoted in Qualcomm's opening presentation in the Apple Action, these documents reflect (i) Apple's strategy and conduct in relation to Qualcomm and the cellular device industry on relevant matters such as Apple's efforts

- 3 -

DOCUMENT PREPARED ON RECYCLED PAPER

to devalue SEPs and to create licensing and price leverage through purchasing power and litigation, and (ii) Apple's views on the strength of Qualcomm's patent portfolio of essential and relevant patents for cellular and wireless standards. These documents also directly contradict the Consumers' Association's claim that Apple lacked bargaining power and confirm that Qualcomm did not force Apple to pay "supra-competitive" royalties for its LTE patents.

In addition to these requests for materials that would give context to the discovery the Consumers' Association seeks, Qualcomm's proposed subpoenas include the same information from Respondents as requested by the Consumers' Association in its application, to ensure that Qualcomm obtains equal access to such information for use in the U.K. Class Action. *See* Exhibit A, Requests 1, 2, 4(a)-(b), 5, 6; Exhibit B, Requests 1, 2, 3(a)-(b), 4, 5. In this regard, and in respect of disclosure obtained from Apple and Samsung's subsidiaries in the U.K., the Tribunal noted at the most recent CMC that, "I don't think it would be reasonable for [the Consumers' Association] to get documents, sit on them for two months and then have a look at them" for the purposes of determining whether they are relevant, and whether they should therefore be shared with Qualcomm. Fairhead Decl. ¶ 7.

## IV.   ARGUMENT

### A.   Legal Standard

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding before a foreign or international tribunal. 28 U.S.C. § 1782(a). Applications brought under § 1782 are typically considered on an *ex parte* basis because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)).

To authorize discovery under 28 U.S.C. § 1782, three requirements must be met: (1) the application must be made by an interested party or upon application of a foreign or international tribunal; (2) the party from whom discovery is sought must "reside" or be "found" in the jurisdiction of the district court where the § 1782 petition has been filed; and (3) the document or

- 4 -

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

DOCUMENT PREPARED ON RECYCLED PAPER

testimony must be "for use" in a foreign or international tribunal. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246 (2004).

The Supreme Court has also identified four discretionary factors for district courts to consider when ruling on a § 1782 application: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court or agency to U.S. federal-court judicial assistance; (3) whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether discovery would be unduly intrusive or burdensome. *Intel,* 542 U.S. at 264–65.

Here, the statutory requirements are satisfied, and all four *Intel* factors weigh in favor of granting the Application.

### B. The Requirements of § 1782 Are Satisfied

<u>First</u>, Qualcomm is an "interested party" in the U.K. Class Action because it is a party to these foreign proceedings. Fairhead Decl. ¶ 8; *see also Intel*, 542 U.S. at 256; *In re Ex Parte Application of Varian Med. Sys. Int'l AG, Applicant,* No. 16-mc-80048-MEF, 2016 WL 1161568, at *3 (N.D. Cal. Mar. 24, 2016) ("Varian qualifies as an 'interested person' because it is a participant in the foreign proceeding.").

<u>Second</u>, Respondents can be "found" in this district. Specifically, Apple's headquarters are located in this district at One Apple Park Way, Cupertino, California 95014. Fairhead Decl. ¶ 9. Samsung Semiconductor, Inc. maintains its "campus" office in this district at 3655 N 1st Street, San Jose, California 95134. *Id.; see In re Varian Med. Sys.,* 2016 WL 1161568, at *3 (finding that this requirement was satisfied where target of the subpoena was "located…within the Court's jurisdiction in the Northern District of California"); *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016) (subpoena targets were "found" in the district because they maintained offices in the district). Samsung Electronics America, Inc., although domiciled in New Jersey, is registered to conduct business in California, "conduct[s] systematic and continuous local activities in this district," and has "availed [itself] of the jurisdiction of this court in many

- 5 -

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

DOCUMENT PREPARED ON RECYCLED PAPER

1 protracted lawsuits." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d at 1036. Indeed, in granting the Consumers' Association's application, this Court determined that both Samsung entities are "found" in this District for the purposes of § 1782. *See* Order of District Judge Davila, Dkt. No. 21 at 4, 5:23-mc-80322-EJD (Jan. 23, 2024); *see also In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d at 1036 (finding that the "combined effect of all these activities and contacts adds up to systematic and continuous local activities in this district" so that this requirement of § 1782 is satisfied in respect of Samsung Electronics America, Inc.).

Third, the information requested from Respondents is "for use" in the U.K. Class Action. Specifically, it will be used to further support Qualcomm's arguments in these foreign proceedings that it did not force Apple or Samsung to pay "supra-competitive" royalties for its patents, and its licenses with Apple and Samsung were freely negotiated. Fairhead Decl. ¶ 10; *see* Order of District Judge Davila, Dkt. No 21 at 6-7; *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (finding that this requirement was met where the applicant sought to use the discovery to support its claims in the pending foreign litigation).

### C. The *Intel* Factors Weigh in Favor of Granting the Application

First, Respondents are not participants in the U.K. Class Action. Fairhead Decl. ¶ 11; *cf. Intel,* 542 U.S. at 264 ("[W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.").

The discovery sought from Respondents is also not obtainable through the foreign proceedings because, on information and belief, Respondents, and the discovery sought, are located outside of the jurisdiction of the foreign court. Fairhead Decl. ¶ 12. The CAT does not generally have jurisdiction to order disclosure from Apple or Samsung, where the evidence sought by Qualcomm is not located in the U.K., and neither entity is domiciled in the U.K. *Id.*; *see also* Order of District Judge Davila, Dkt. No. 21 at 5 ("Here, Apple and the Samsung Entities are not parties in the U.K. Class Action and are not domiciled in the U.K., and therefore, the Tribunal would be unable to compel them to produce discovery without the aid of Section 1782."); *In re Varian Med. Sys.,* 2016 WL 1161568, at *3 (finding that the "the key issue is whether the material is obtainable

- 6 -

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

DOCUMENT PREPARED ON RECYCLED PAPER

through the foreign proceeding") (quoting *In re Judicial Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd. (Macquarie Bank II)*, No. 2:14-cv-00797-GMN-NJK, 2015 WL 3439103, at *6 (D. Nev. May 28, 2015)). This factor therefore weighs in favor of granting the Application.

Second, the CAT has indicated that it is receptive to judicial assistance via § 1782 discovery. Fairhead Decl. ¶ 13. While the CAT has expressed concern with the impact of third-party disclosure on its schedule, this factor typically weighs against granting an application only where there is some directive from a foreign tribunal that it would not be receptive to the requested material. *See, e.g., Schmitz v. Bernstein Liebhard & Lifshitz LLP,* 376 F.3d 79, 84-85 (2d Cir. 2004) (denying § 1782 discovery where the German government expressly objected to application because it could adversely affect an ongoing criminal investigation); *In re Varian Med. Sys.,* 2016 WL 1161568, at *4 ("If there is reliable evidence that the foreign tribunal would not make use of the requested material, it may be irresponsible for the district court to order discovery") (internal quotations and citations omitted); *In re Ex Parte Appl. of Qualcomm Inc.,* 162 F. Supp. 3d at 1040-41 (the third *Intel* factor weighed against granting the application where the foreign tribunal stated that it had no use for the requested discovery). At present, no such directive exists. Fairhead Decl. ¶ 13; *see also* Order of District Judge Davila, Dkt. No. 21 at 5 (finding that "the second *Intel* weighs in favor of granting" the Consumers' Association's application).

Third, this request is not sought to, and does not have the effect of, circumventing any foreign proof-gathering limits or other policies of a foreign country or the United States. Fairhead Decl. ¶ 14; *In re Varian Med. Sys.,* 2016 WL 1161568, at *5 (finding that this factor weighed in favor of granting the application where the court did not "have any reason to believe that [the] discovery request is an attempt to undermine the [foreign court] or its policies or proof-gathering restrictions."). The third *Intel* factor therefore weighs in favor of granting the Application. *See* Order of District Judge Davila, Dkt. No. 21 at 6.

Fourth, the additional discovery sought by Qualcomm is not unduly burdensome or intrusive. The subpoenas to Apple and Samsung seek categories of information that are clearly defined and that should be easily identified and produced by Respondents with minimal burden. *In re Varian Med. Sys.,* 2016 WL 1161568, at *5 ("Typically, requests 'become unduly intrusive and

- 7 -

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

DOCUMENT PREPARED ON RECYCLED PAPER


burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information.'") (quoting *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d at 1043). Because Respondents will not be unduly burdened by the request, and any confidentiality concerns can be addressed through a protective order if needed (in addition to through the existing confidentiality regime under the CAT)[4], the fourth *Intel* factor weighs in favor of granting the Application. Fairhead Decl. ¶ 15.

## V. CONCLUSION

Because the Application meets the requirements of 28 U.S.C. § 1782, and the *Intel* discretionary factors weigh in favor of it being granted, Qualcomm respectfully requests that the Court issue the attached order granting the Application and authorizing the issuance of the subpoenas *duces tecum* in the form attached to the Application as Exhibit A and Exhibit B.

Dated: January 26, 2024

**NORTON ROSE FULBRIGHT US LLP**

By   /s/ Katherine G. Connolly

Katherine G. Connolly (SBN 313640)
NORTON ROSE FULBRIGHT US LLP
katie.connolly@nortonrosefulbright.com
555 California Street, Suite 3300
San Francisco, CA 94104
Telephone: (628) 231-6800
Facsimile: (628) 231-6799

---

[4] Qualcomm notes that both Apple and Samsung are already familiar with the confidentiality regime in the U.K. Class Action and have previously consented to certain disclosure of their own material in accordance with its terms. Fairhead Decl. ¶ 15 n. 3.

DOCUMENT PREPARED ON RECYCLED PAPER