# EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| In re Ex Parte Application of Qualcomm Incorporated | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 24-mc-80019 |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Samsung Semiconductor, Inc. and Samsung Electronics America, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Norton Rose Fulbright US LLP<br>555 California Street, Suite 3300<br>San Francisco, CA 94104 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____       _____
*Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Qualcomm Incorporated , who issues or requests this subpoena, are:

Katherine G. Connolly, 555 California Street, Suite 3300, San Francisco, CA 94104, katie.connolly@nortonrosefulbright.com, (628) 231-6800

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.*  A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.*  A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.*  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.*  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.*  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.*  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.*  In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.*  These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.*  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.*  The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.*  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.*  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.*  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **ATTACHMENT A – SAMSUNG**

### **DEFINITIONS**

The following definitions apply to the Requests:

1. "Address Or Evidence" means without limitation, the following concepts: tending to establish, show or indicate.

2. "Chipsets" mean baseband chipsets, Including those compliant with any 3G, 4G, or 5G standards.

3. "Class" refers to the Class in the U.S. Class Action.

4. "Communicate," "Communicating," "Communicated," "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) in any form.

5. "Concerning," "Relating (or Relate or Related) To," "Referred (or Referring) to" mean without limitation referring to, concerning, relating to, describing, evidencing, reflecting, dealing with, pertaining to, analyzing, arising out of, summarizing, commenting on, assessing, constituting, or otherwise involving, in whole or in part.

6. "Document" or "Documents" Includes, without limitation, all original and all other written, printed, and pictorial matter of any kind of nature whatsoever, however produced or reproduced, in whatever form maintained, and any and all non-identical (for whatever reason) originals, copies, and prior drafts thereof, within Your custody or control, regardless of where located, and Includes but is not limited to correspondence, Communications, notices, confirmations, summaries or records of meetings or conferences, summaries or reports of physicians or consultants, pamphlets, photographs, transcripts, microfilm, or microfiche, audio and/or video reproductions, notes from telephone conversations, agreements, tape recordings

(whether or not transcribed), reports, memoranda, studies, summaries, minutes, notes, diaries, calendars, or date books, logs, announcements, instructions, charts, manuals, schedules, computer data or printouts, telegrams, faxes, cables, opinions, surveys, questionnaires, comparisons, messages—Including, specifically, electronic mail messages, posts on blogs, posts on websites, press releases, letters, any marginal comments or post-it notes appearing on any Documents, and all other written, printed, computerized, computer-stored or maintained, or typed information or data, and all other graphic, recorded, audio, visual and photographic matters of any nature whatsoever.

7. "Electronically Stored Information," abbreviated as "ESI," has the same meaning and scope as it has in the Federal Rules of Civil Procedure and Includes, without limitation, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly, or, if necessary, after conversion by the responding party into a reasonably usable form.

8. "Ericsson" refers to Telefonaktiebolaget LM Ericsson, and any related or affiliated companies and/or entities, and any current or former officials, employees, consultants, agents, attorneys, directors, officers, other representatives of Ericsson, and all other persons acting under its control or on its behalf.

9. "FTC" refers to the U.S. Federal Trade Commission.

10. "FTC Action" refers to the action styled *Federal Trade Commission v. Qualcomm Incorporated*, No. 5:17-cv-220 (N.D. Cal.) and the preceding FTC investigation.

11. "Include" or "Including" are used herein in their broadest sense to introduce an illustrative and non-exhaustive list. These terms should be construed as interchangeable with the following: "including without limitation" and "including but not limited to."

12. "InterDigital" refers to InterDigital Corporation, and any related or affiliated companies and/or entities, and any current or former officials, employees, consultants, agents, attorneys, directors, officers, other representatives of InterDigital, and all other persons acting under its control or on its behalf.

13. "License" means the legal permission granted by the owner of intellectual property rights ("Licensor") to another party ("Licensee"), allowing them to use the protected intellectual property.

14. "LTE" or "LTE Technology" refers to technology Relating To the Long Term Evolution (LTE) wireless telecommunications standard.

15. "Nokia" refers to Nokia Corp., and any related or affiliated companies and/or entities, and any current or former officials, employees, consultants, agents, attorneys, directors, officers, other representatives of Nokia, and all other persons acting under its control or on its behalf.

16. "Qualcomm" refers to Qualcomm Incorporated.

17. "Rationale" means the set of reasons, bases, or underlying assumptions for a course of action or belief.

18. "Royalty" or "Royalties" refer to a payment owed or made by the Licensee to the Licensor for the use of intellectual property.

19. "Samsung" refers to Samsung Semiconductor, Inc. and/or Samsung Electronics America, Inc., and any related or affiliated companies and/or entities, and any current or former officials, employees, consultants, agents, attorneys, directors, officers, other representatives of Samsung, and all other persons acting under its control or on its behalf.

20. "SEP License Agreements" refer to agreements for Licenses Relating To standard essential patents Including cross-license agreements, related settlement agreements, amendments to such agreements, and side letters.

21. "SEP Owners" refer to owners of standard essential patents.

22. "SEPs" refer to standard essential patents.

23. "Subscriber Units" are end-user devices, such as mobile phones, that connect to a cellular communication network.

24. "U.S. Class Action" refers to the action styled *In re Qualcomm Antitrust Litigation*, No. 5:17-md-02773 (N.D. Cal).

25. "You," "Your," "Your company" or "Yourself" means Samsung, as defined above.

## INSTRUCTIONS

1. Unless otherwise specified, "Relevant Period" or "Relevant Time Period" for the information sought is January 1, 2006 through to December 7, 2023. The Requests seek all responsive documents created or generated during the relevant time period, as well as responsive documents created or generated outside the relevant time period but containing information Relating To the relevant time period.

2. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests are continuing in nature, so that if You subsequently discover or obtain possession, custody or control of any Documents or ESI previously requested or required to be produced, You shall make such Documents or ESI available within seven (7) days of discovering or obtaining possession of them. Similarly, any information or Documents provided in response to these Requests that is later found to be incorrect, or to have become incomplete or incorrect because of changed circumstances, should be completed or corrected by means of a supplemental response.

3. Please furnish all Documents known or available to You, regardless of whether such Documents are possessed directly by You or by others under Your control, for instance, by Your agents, representatives, or attorneys.

4. Documents should be produced in a manner that ensures the source, Including custodian, of each Document that can be determined.

5. Documents should be segregated and identified by the number of the Request to which they are responsive.

6. If You object to any of these Requests, or any definition or instruction incorporated therein, state the reasons for Your objection with specificity and answer the Request to the extent it is not objectionable. If You file a timely objection to any portion of a Request, definition, or instruction, respond to the remaining portion.

7. If any Document responsive to any Request is withheld from production under a claim of privilege or protection (Including, without limitation, the attorney-client privilege or work product doctrine), please provide a list identifying for each such withheld Document the following:

    a. the type of Document (e.g., memorandum, letter, report, chart, etc.);

    b. its general subject matter (without revealing the information as to which the privilege is claimed);

    c. the date of the Document;

    d. the nature and length of any attachment or appendices;

    e. all author(s), addressee(s), distributee(s), and recipient(s); and

    f. the nature of the privilege or protection claimed.

8. If any Request for Documents cannot be complied with in full, it shall be complied with to the extent possible with an explanation as to why full compliance is not possible.

9. Each Request for Documents seeks production of all Documents described herein and any attachments, exhibits, or appendices thereto in Your possession, custody, or control and all Documents and any attachments that You have the legal right to obtain or the ability to obtain from sources under Your control.

10. If any Document requested herein has been destroyed, discarded, or otherwise disposed of, such Document is to be described by date, last location, number of pages, attachments, appendices, and exhibits, author(s), addressee(s), recipient(s), title, and subject matter. In addition, please state the reason for disposal or destruction of the Document or who disposed of or destroyed the Document.

11. The terms "and" and "or" shall be construed both conjunctively and disjunctively, whichever makes the request more inclusive.

## FORM OF PRODUCTION OF ESI

1. You shall provide single page Group IV TIFF images (300 DPI) named with corresponding Bates number and a unique Bates label applied or assigned to each page. Original Document orientation should be maintained to the extent possible

2. You shall provide cross-reference (OPT) files in the form of Concordance/Opticon load files. These files should have unified Document breaks.

3. For each electronic record, a text file should be provided along with the image files and metadata. The text files will not contain the redacted portions of the Documents. In addition, text files shall be provided as a single text file for each Document, as opposed to a text file per page, and the filename itself should match its respective beginning production/Bates Number. To the extent that native text is not available, you shall use industry-standard OCR technology.

4. Parent-child relationships (the association between an attachment and its parent Document) should be preserved and reflected within the accompanying load files.

5. Spreadsheets, Microsoft Access databases, PowerPoints, audio/video files and delimited files (i.e., csv) should be produced in native format with a link in the NativeLink field, along with a slipsheet containing the bates number and confidentiality branding, extracted text and applicable metadata fields. However, if a spreadsheet, Microsoft Access database, delimited file or PowerPoint file has been redacted, TIFF images and OCR of the redacted Document will suffice in lieu of a native file and extracted text. You shall make reasonable efforts to ensure that any spreadsheets, Microsoft Access databases, delimited files or PowerPoints that are produced only as TIFF images are formatted so as to be readable.

6. Other than specifically set forth above, You need not produce Documents in native format. If good cause exists to request production of specified files in native format, Applicant may request such production and provide an explanation of the need for native file review, which request shall not unreasonably be denied. Applicant will provide a specific Bates range for Documents it wishes to be produced in native format. Any native files that are produced should be produced with a link in the NativeLink field, along with all extracted text and applicable metadata fields.

7. You shall provide Data or .dat files as a Concordance delimited file with the following metadata fields (to the extent such fields are available) with appropriate delimiters: Prod Beg Doc, Prod End Doc, Prod Beg Attach, Prod End Attach, Custodian, All Custodians (if global deduplication is used), From, To, Cc, Bcc, Email Subject, Date Sent, Time Sent, Author, Title, Date Created, Date Last Modified, Page Count, Doc Ext, Filename, Record Type, Native Link (to the extent any Documents produced in native format).

- 8 -

8. The TIFF images should be provided in folder called "Images."

9. The OCR text should be provided in folder called "Text."

10. All three load files should be provided in folder called "Data."

## REQUESTS

### Request No. 1

Unredacted versions of the following Documents as provided by You to Qualcomm, the FTC, or the Court in the FTC Action:

a. **Transcripts of** depositions, **Including all exhibits to each**, of:

   1. Injung Lee
   2. Andrew Hong
   3. Seungho Ahn
   4. Yooseok Kim

b. Documents selected to be used as exhibits by the FTC or Qualcomm or jointly at trial (list of Documents contained in Annex); and

c. Any other **transcripts of** depositions, **Including all exhibits to each**, submissions, briefs, witness statements, and expert reports,[1] provided by You for the purposes of the FTC Action which relate to substantive rather than procedural issues.

### Request No. 2

Unredacted versions of the following Documents as provided by You to Qualcomm, the representatives of the Class or the Court in the U.S. Class Action:

a. The Documents produced and depositions, **Including all exhibits to each,** given by You which are considered by Dr. Michael Lasinski in the U.S. Class Action (list contained in Annex); and

---

[1] As Samsung was not a party to the FTC Action, Qualcomm is not aware of responsive expert reports. However, to the extent the Consumers' Association intended for its corollary request to cover a broader universe of Documents, and they exist, Qualcomm requests them.

    b. Any other **transcripts of** depositions, **Including all exhibits to each**, submissions, briefs, witness statements and expert reports[2] provided by You for the purposes of the U.S. Class Action which relate to substantive rather than procedural issues.

**<u>Request No. 3</u>**

Documents held by You which:

    a. date from the period during which You were considering entering into or negotiating the License renewal between You and Qualcomm dated June 30, 2022;

    b. Address Or Evidence **whether, and** the extent to which You were or considered Yourself to be reliant on Qualcomm for the supply of Chipsets at that time; **and**

    **c. Address or Evidence whether, and the extent to which, non-Qualcomm Chipsets were available or would become available to You, Including but not limited to Your ability to self-supply Chipsets.**

**<u>Request No. 4</u>**

SEP License Agreements (Including cross-license agreements, related settlement agreements, amendments to such agreements, side letters) for LTE Technology (Including with backwards compatibility) Relating To Subscriber Units (or end-user devices) between the below SEP Owners and You, Including in particular (but without limitation) any agreements corresponding to the following descriptions:

    a. Samsung – Ericsson
        i.    Dated May 2021
        ii.   Dated January 2014
        iii.  Dated July 2007
    b. Samsung – Nokia

---

[2] **See footnote 1.**

      i.       Dated January 2023
      ii.      Dated October 2018
      iii.     Dated January 2014
  c.  Samsung – InterDigital
      i.       Dated January 2023
      ii.      Dated June 2014

**Request No. 5**

Documents which set out the Rationale for or assumptions underlying the level of the Royalties payable pursuant to the agreements in Request 4, for example the value attributed to any SEPs which are the subject of the License (and any applicable cross license) and the volumes of any relevant past or forecast sales. Such Documents may Include internal business case Documents produced by You or Documents sent to or received from the counterparties to the agreements identifying any such Rationale/assumptions.

**Request No. 6**

    **Documents sufficient to show:**

      a.  **the total number of handsets sold by Samsung in each year of the Relevant Period; and**

      b.  **the Chipsets and quantities of each Chipset used in these handsets in each year of the Relevant Period.**

## Annex 1

## Category A – Trial exhibits from the FTC Action

| Samsung | Samsung | Samsung | Samsung |
|---|---|---|---|
| CX2564A | QX0522 | QX0564 | **QX9333** |
| CX2568A | QX0524 | QX0565 | **QX9334** |
| CX2587 | QX0530 | QX0566 | **JX0089** |
| CX2608 | QX0534 | QX0567 | **JX0090** |
| CX2609 | QX0539 | **QX0572** | |
| CX2611 | QX0548 | **QX0573** | |
| CX2619A | QX0549 | QX0574 | |
| CX2621A | QX0550 | QX0575 | |
| CX2624 | QX0551 | QX0577 | |
| CX2628 | QX0551B | QX0578 | |
| CX2641A | QX0556 | QX0579 | |
| CX2642A | QX0557 | QX0580 | |
| CX2673 | QX0558 | QX0582 | |
| QX0519 | QX0560 | QX0583 | |
| QX0520 | QX0561 | **QX9331** | |
| QX0521 | QX0562 | **QX9332** | |

## Category B – Materials considered in Dr. Michael Lasinki's report

| | |
|---|---|
| SFT-0000113 - SFT-0000199 | SFT-0001471 - SFT-0001493 |
| SFT-0001624 - SFT-0001663 | SFT-0005280 - SFT-0005327 |
| SFT-0036171_Trans1ation.001 | SFT-0036171_Trans1ation.003 |

| | |
|---|---|
| SFT-0036404 - SFT-0036404 | SFT-0036407 - SFT-0036407 |
| SFT-0036412 - SFT-0036412 | SFT-0036565 - SFT-0036565 |
| SFT-0036565 - SFT-0036565 | SFT-0036730 - SFT-0036765 |
| SFT-2650235 - SFT-2650241 | SFT-2650318 - SFT-2650332 |
| SFT-2650333 - SFT-2650347 | SFT-2651050 - SFT-2651068 |
| SFT-18173206 - SFT-18173220 | **SFT-61-98** |