1
2
3
4

**NORTON ROSE FULBRIGHT US LLP**
Katherine G. Connolly (SBN 313640)
katie.connolly@nortonrosefulbright.com
555 California Street, Suite 3300
San Francisco, CA 94104
Telephone: (628) 231-6800
Facsimile: (628) 231-6799

5
6
7
8

**NORTON ROSE FULBRIGHT US LLP**
Richard S. Zembek (*Pro Hac Vice* Forthcoming)
richard.zembek@nortonrosefulbright.com
1301 McKinney Street, Suite 5100
Houston, TX 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

9
10
11
12

**NORTON ROSE FULBRIGHT US LLP**
Felice Galant (*Pro Hac Vice* Forthcoming)
felice.galant@nortonrosefulbright.com
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 318-3000
Facsimile: (212) 318-3400

13
14

Attorneys for *Applicant* QUALCOMM INCORPORATED

15

IN THE UNITED STATES DISTRICT COURT

16

FOR THE NORTHERN DISTRICT OF CALIFORNIA

17
18

SAN JOSE DIVISION

19

In re *Ex Parte* Application of:

Case No.  24-mc-80019

20

QUALCOMM INCORPORATED,

21

Applicant.

22
23

**DECLARATION OF HELEN FAIRHEAD IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

24
25

Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Conduct Discovery for Use in a Foreign Proceeding

26
27
28

- 1 -

Document Prepared
on Recycled Paper

I, HELEN FAIRHEAD, declare as follows:

1.      I am a partner in the firm of Norton Rose Fulbright LLP ("NRF LLP"), and a solicitor licensed to practice law in England and Wales. Together, NRF LLP and Quinn Emanuel Brussels ("QEB") represent the Applicant Qualcomm Incorporated ("Qualcomm") in ongoing legal proceedings in the United Kingdom ("U.K. Class Action").

2.      I submit this declaration in support of Qualcomm's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Conduct Discovery from Apple Inc. ("Apple") and Samsung Semiconductor, Inc. and/or Samsung Electronics America, Inc. ("Samsung") for use in a foreign legal proceeding ("Application"). This declaration is based on my personal knowledge and documents I have reviewed, and if called as a witness, I could and would testify competently to the matters stated herein.

### BACKGROUND OF THE U.K. CLASS ACTION

3.      Qualcomm is headquartered in San Diego, California. It is an inventor and licensor of the technologies that enable cellular communication and, separately, a supplier of modem chips and related software that are used in cellular devices (phones, tablets, etc.).

4.      On February 18, 2021, the Consumers' Association (who represent the class in the U.K. Class Action) filed a collective proceedings claim form before the Competition Appeal Tribunal ("CAT") in the United Kingdom. The CAT is a judicial body of the United Kingdom that was created to adjudicate cases involving competition or economic regulatory issues. The U.K. Class Action involves the Consumers' Association's claims that Qualcomm's chipset supply and licensing practices allowed it to obtain "supra-competitive" royalty payments from Apple and Samsung for its LTE standard essential patents ("SEPs"), and that these "supra-competitive" royalty payments were then passed on to consumers.

5.      The Consumers' Association first acknowledged to Qualcomm and to the CAT in

- 2 -

DOCUMENT PREPARED
ON RECYCLED PAPER

June 2023 that it may need to file § 1782 applications in the United States but waited until December 7, 2023 to do so. Indeed, since January 2023, Qualcomm had been repeatedly requesting that the Consumers' Association provide details of the third-party discovery it intended to seek, but the Consumers' Association waited until just before filing its § 1782 application in this Court before finally providing Qualcomm with an indication of the nature of the discovery it intended to seek from Apple and Samsung.

6.      The CAT held a fourth Case Management Conference ("CMC") in the U.K. Class Action on January 9 and 10, 2024. Commenting on the U.S. discovery issue, the CAT noted that the material requested by the Consumers' Association "may not be of central relevance" but went on to explain that "there is no suggestion that we go into the trial at this point deliberately on a date which is before you expect to get the US material."[1]

7.      In respect of disclosure obtained from Apple and Samsung's subsidiaries in the U.K., the Tribunal noted at the fourth CMC that, "I don't think it would be reasonable for [the Consumers' Association] to get documents, sit on them for two months and then have a look at them" for the purposes of determining whether they are relevant, and whether they should therefore be shared with Qualcomm.

## <u>THE REQUIREMENTS OF § 1782</u>

8.      Qualcomm is a party to the U.K. Class Action.

9.      Apple's headquarters are located in this district at One Apple Park Way, Cupertino, California 95014. Samsung Semiconductor, Inc. maintains its "campus" office in this district at 3655 N 1st Street, San Jose, California 95134.

10.     The information requested from Apple and Samsung is "for use" in the U.K. Class

---

[1] The transcript of the fourth CMC will be made available in due course on the case page of the CAT's website.

DOCUMENT PREPARED
ON RECYCLED PAPER

Action. Specifically, it will be used to further support Qualcomm's arguments in these foreign proceedings that it did not force Apple and Samsung to pay "supra-competitive" royalties for its patents, and its licenses with Apple and Samsung were freely negotiated.

### THE *INTEL* FACTORS

11.     Apple and Samsung are not participants in the U.K. Class Action.

12.     The discovery sought from Apple and Samsung is not obtainable through the foreign proceedings because, on information and belief, Apple and Samsung are located outside of the jurisdiction of the foreign court. The CAT does not generally have jurisdiction to order disclosure from Apple or Samsung, where the evidence sought by Qualcomm is not located in the U.K., and neither entity is domiciled in the U.K.

13.     The CAT has indicated that it would be receptive to judicial assistance via § 1782 discovery, provided that any such discovery does not cause delays in the timetable to trial in the U.K. Class Action. At present, there is no directive from the CAT that it would not be receptive to the requested material.

14.     To my knowledge, this request is not sought to, and does not have the effect of, circumventing any foreign proof-gathering limits or other policies of a foreign country or the United States.

15.     Any confidentiality concerns can be addressed through a protective order if needed (in addition to through the existing confidentiality regime under the CAT).[2]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

---

[2] Qualcomm notes that both Apple and Samsung are already familiar with the confidentiality regime in the U.K. Class Action and have previously consented to certain disclosure of their own material in accordance with its terms.

DOCUMENT PREPARED
ON RECYCLED PAPER

Dated: January 26, 2024

By: _____ */s/ Helen Fairhead*_____
Helen Fairhead

## **FILER'S ATTESTATION**

Pursuant to Civil LR 5.1(i)(3), the undersigned hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

Dated: January 26, 2024

By: _____ */s/ Katherine G. Connolly*_____
Katherine G. Connolly

DECLARATION OF HELEN FAIRHEAD IN SUPPORT OF
*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

DOCUMENT PREPARED
ON RECYCLED PAPER