1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8    IN RE EX PARTE APPLICATION OF:          Case No.   5:24-mc-80019-EJD
     QUALCOMM INCORPORATED,

9                   Plaintiff,               **ORDER GRANTING EX PARTE
                                             APPLICATION FOR ORDER
10           v.                              PERMITTING DISCOVERY FOR USE
                                             IN A FOREIGN PROCEEDING**
11
     APPLE INC., et al.,
12                                           Re: Dkt. No. 1
                    Defendants.

13          Before the Court is Qualcomm Incorporated ("Applicant")'s *ex parte* application for an

14   order pursuant to 28 U.S.C. § 1782 to authorize discovery for use in a foreign proceeding

15   ("Application").  *Ex Parte* Appl. for Order Granting Leave to Take Disc. for Use in a Foreign

16   Proceeding ("Appl."), ECF No. 1.  Specifically, Applicant seeks discovery from Samsung

17   Semiconductor, Inc. and/or Samsung Electronics America, Inc. (the "Samsung Entities") and

18   Apple Inc. ("Apple") for use in a foreign class action litigation pending in the Competition Appeal

19   Tribunal of the United Kingdom ("Tribunal").  *Id.* at 4.  For the reasons stated below, the

20   Application is **GRANTED**.

21   **I.      BACKGROUND**

22          Applicant is defending a class action in the Tribunal brought by Consumers' Association, a

23   nonprofit consumer protection organization who alleges that Applicant breached U.K. and E.U.

24   competition laws by leveraging its dominant position in the market for baseband processor

25   chipsets to extract higher royalty payments for its standard essential patents from smartphone

26   manufacturers, such as Apple and Samsung.  *See Consumers' Association v. Qualcomm, Inc.*,

27   Case No. 1382/7/7/21 (the "U.K. Class Action").

United States District Court
Northern District of California

On January 23, 2024, in a separate case, the Court granted Consumers' Association's *ex parte* application seeking discovery from the Samsung Entities and Apple for use in the U.K. Class Action. *In Re Consumers' Association*, Case No. 5:23-mc-80322-EJD (N.D. Cal. Jan. 23, 2024), ECF No. 21. On January 26, 2024, Applicant filed the present action "seeking its own discovery from Apple and Samsung in response to the Consumers' Association subpoenas to ensure a level playing field in the U.K. proceedings." App. 3.

Applicant seeks discovery for the U.K. Class Action that "'address[es] or evidence[s] whether, and the extent to which, non-Qualcomm Chipsets' were available to and/or used by Apple and Samsung." *Id.* at 3. Specifically, Applicant requests documents including those pertaining to: (1) *FTC v. Qualcomm, Inc.*, No. 5:17-cv-00220 (N.D. Cal.) (the "FTC Proceedings"); (2) *In Re: Qualcomm Antitrust Litigation*, No. 5:17-md-02773-LHK (N.D. Cal) (the "U.S. Class Action"); (3) *In re Qualcomm Litigation*, No. 17-cv108 (S.D. Cal.) (the "Apple Action"); (4) SEP license agreements for LTE technology relating to subscriber units; (5) documents regarding the level of royalties payable pursuant to licensing agreements; (6) documents concerning non-payment of royalties; and (7) documents regarding Intel's role as a supplier of LTE chipsets. *See* Apple Subpoena, ECF No. 1-2; Samsung Subpoena, ECF No. 1-3.

## II.    LEGAL STANDARD

Title 28 United States Code § 1782(a) permits federal district courts to assist in gathering evidence for use in foreign proceedings. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute specifically authorizes a district court to order a person residing or found within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel Corp.*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

In addition to the mandatory statutory requirements, the district court retains discretion in determining whether to grant an application under § 1782(a) and may impose conditions it deems desirable.  *Intel Corp.*, 542 U.S. at 260–61.  In *Intel Corp.*, the Supreme Court created a non-exhaustive list of factors to consider in ruling on a § 1782(a) request, including (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome.  *Id.* at 264–66.

## III.   DISCUSSION

### A.   Statutory Factors

The Court finds that Applicant has satisfied the three statutory criteria of Section 1782(a).

First, the Application satisfies the residence requirement because Apple is headquartered in Cupertino, California, and the Samsung Entities, though headquartered in South Korea, have been found to conduct systematic and continuous local activities in this district.  *See, e.g., In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016) ("Even a quick look at this court's docket shows [the Samsung Entities] have availed themselves of the jurisdiction of this court in many protracted lawsuits."); *see also, e.g.*, *In re Todo*, 2022 WL 4775893, at *2 (N.D. Cal. Sept. 30, 2022) ("In this district, business entities are 'found' where the business is incorporated, is headquartered, or where it has a principal place of business.") (collecting cases); Appl. 5–6.  Therefore, Apple and the Samsung Entities reside or can be found in this district for the purposes of Section 1782.

Second, the Court finds that the discovery is sought for use in foreign proceedings, as Applicant is actively litigating in the U.K. Class Action.  Appl. 6.

Third, Applicant is plainly an "interested person" in the foreign proceedings, as Applicant is the party against whom the U.K. Class Action has been brought.  *See Intel Corp.*, 542 U.S. at 256

United States District Court
Northern District of California

1   ("No doubt litigants are included among, and may be the most common example of, the interested

2   persons who may invoke § 1782") (internal quotation marks and brackets omitted); App. 5.

3       Based on the foregoing, the Court finds that the Application satisfies the statutory factors

4   to warrant an order pursuant to Section 1782.

5       **B.   Discretionary *Intel* Factors**

6       At this stage, the Court also finds that the discretionary *Intel* factors weigh in favor of

7   granting the Application.

8               **1.    Participation of Target in the Foreign Proceeding**

9       Turning to the first factor, which addresses whether the discovery target is or will be a

10  participant in the foreign proceeding, the relevant inquiry is "whether the foreign tribunal has the

11  authority to order an entity to produce the . . . evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d

12  1029, 1039 (N.D. Cal. 2016); *see also In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4

13  (N.D. Cal. Mar. 24, 2016) ("[T]he first *Intel* factor militates against allowing § 1782 discovery

14  when the petitioner effectively seeks discovery from a participant in the foreign tribunal even

15  though it is seeking discovery from a related, but technically distinct entity.") (quotation marks

16  and citation omitted).

17      Here, Apple and the Samsung Entities are not parties in the U.K. Class Action and are not

18  domiciled in the U.K.; therefore, the Tribunal would be unable to compel production of discovery

19  without the aid of Section 1782.  "In these circumstances, the need for assistance pursuant to §

20  1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties

21  appearing before it or third parties within its jurisdiction to produce evidence." *In re Med. Corp.*

22  *Takeuchi Dental Clinic*, 2022 WL 1803373, at *3 (N.D. Cal. June 2, 2022) (citing *Intel*, 542 U.S.

23  at 264).  Accordingly, the first *Intel* factor weighs in favor of granting Applicant's request.

24              **2.    Receptivity of Foreign Tribunal to U.S. Judicial Assistance**

25      The second *Intel* factor also favors granting the Application.  "Courts conducting this

26  analysis focus on the utility of the evidence sought and whether the foreign tribunal [or court] is

27  likely to receive the evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1040.  "In the absence of

United States District Court
Northern District of California

1    authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section

2    1782, courts tend to err on the side of permitting discovery." *In re Varian*, 2016 WL 1161568, at

3    *4 (internal quotation marks omitted).

4         Here, the Court is unaware of any evidence that the Tribunal would reject evidence

5    obtained via Section 1782.  Accordingly, given that there is no authoritative proof that the

6    Tribunal would reject evidence obtained under Section 1782, the second *Intel* factor weighs in

7    favor of granting the Application.

### 3.    Circumvention of Proof-Gathering Restrictions

9         The third factor—whether an applicant seeks "to circumvent foreign proof-gathering

10   restrictions or other policies of a foreign country or the United States"—also favors granting the

11   Application.  *Intel Corp.*, 542 U.S. at 265.  "Courts have found that this factor weighs in favor of

12   discovery where there is nothing to suggest that the applicant is attempting to circumvent foreign

13   proof-gathering restrictions."  *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal.

14   2021) (quotations and citations omitted).

15        Here, Applicant's counsel has represented that they are not aware of any restrictions or

16   policies imposed by the Tribunal that would prohibit the proof-gathering sought here.  Appl. 7.

17   The Court does not find that there is any reason to doubt Applicant's counsel's representations.

18   Accordingly, there is nothing to indicate that the third *Intel* factor should weigh against granting

19   the Application.

### 4.    Unduly Intrusive or Burdensome

21        The fourth factor the Court must consider is whether the discovery sought is "unduly

22   intrusive or burdensome."  *Intel Corp.*, 542 U.S. at 265.  Discovery requests may be intrusive or

23   burdensome if "not narrowly tailored temporally, geographically or in their subject matter."  *In re*

24   *Qualcomm Inc.*, 162 F. Supp. 3d at 1044.

25        Here, Applicant argues that it seeks documents targeted to evidence directly relevant to the

26   issues in the U.K. Class Action.  Appl. 7–8.  Further, Applicant highlights that it seeks categories

27   of information that are clearly defined and that should be easily identified and produced with

1    minimal burden.  *Id.* at 7.  The Court finds Applicant's request to be narrowly tailored to
2    documents directly relevant to the U.K. Class Action, and the subpoena's scope suggests that the
3    requested discovery is not unduly intrusive or burdensome.  Therefore, the Court finds that the
4    fourth *Intel* factor favors granting Applicant's request.
5                                             * * *
6            Accordingly, the Court will exercise its discretion in granting the Application without
7    prejudice to any subsequent motion to quash or modify the subpoena.
8    **IV.    CONCLUSION AND ORDER**
9            Based on the foregoing, the Court finds that Applicant's Section 1782 Application satisfies
10   the statutory factors, and that the discretionary *Intel* factors—at this stage, at least—also favor
11   granting the Application.
12          Accordingly, the Section 1782 Application is **GRANTED.**  Applicant may serve the
13   proposed subpoenas (ECF Nos. 1-2, 1-3) on Apple and the Samsung Entities, with the following
14   requirements:
15      1.  Applicant SHALL serve a copy of this Order on Apple and the Samsung Entities with the
16          proposed subpoenas;
17      2.  Apple and the Samsung Entities may file—no later than 30 days after service or notice—a
18          motion to quash or modify the subpoenas before this Court;
19      3.  If any party disputes the subpoenas, Apple and the Samsung Entities SHALL PRESERVE
20          BUT NOT DISCLOSE the information sought by the subpoena pending resolution of that
21          dispute;
22      4.  This Order is WITHOUT PREJUDICE to any argument that may be raised in a motion to
23          quash or modify the subpoena from Apple and the Samsung Entities.
24          **IT IS SO ORDERED.**
25   Dated: February 9, 2024
26                                                    _____
27                                                    EDWARD J. DAVILA
                                                      United States District Judge
28   Case No.: 5:24-mc-80019-EJD
     ORDER GRANTING EX PARTE APP. FOR ORDER PURSUANT TO 28 U.S.C. § 1782

United States District Court
Northern District of California

6